NATIONAL DEPARTMENT STORES *v.* BOARD OF EQUALIZATION AND REVIEW OF OHIO COUNTY

(No. 7054)

Submitted October 6, 1931.   Decided October 27, 1931.

204

*Stein & Salant, James Paull, Jr.*, and *Ewing & McGinley*, for plaintiff in error.

*John T. Simms*, for defendant in error.

LITZ, PRESIDENT:

This is an appeal by a taxpayer from a decision of the circuit court, affirming the ruling of a board of review and equalization in refusing to correct an alleged erroneous assessment.

Complainant, National Department Stores, Inc., engaged in retail merchandising in Wheeling, West Virginia, in 1927 undertook to refinance its business. After declining a loan from Metropolitan Life Insurance Company on six parcels of its real estate in Wheeling, of the alleged value of $650,000 to $700,000, because of unsatisfactory terms and rate of interest, it entered into a written arrangement with Tillotson & Wolcott Company (New York bankers) whereby it conveyed the six parcels of land to Guardian Trust Company, a corporation, of Cleveland, Ohio, Trustee, in consideration of certificates of title issued and delivered to it by the trustee, evidencing the equitable ownership of the property (divided into 480 shares of the par value of $1,000.00 each) which certificates complainant afterwards sold and discounted to the bankers for $965.00 a share. At the time of the conveyance, the trustee also executed a written lease of the property to the National Department Stores for a period of 99 years, with right of renewal in perpetuity, in consideration of payment by the lessee of an annual rental of $26,400 (payable quarterly), of the taxes on the leased premises in the name of the lessor, $5,600 annually (in quarterly installments) into a depreciation fund until the payments and income therefrom should amount to $360,000, and other expenses incident to the ownership of the property; with the right to the lessee to purchase the property or any parcel thereof, at graduated prices depending upon the time the option might be exercised within twenty years from the death of the last surviving of six named persons. The lease is subject to forfeiture at the option of the lessor for any default of the lessee. In a con-

temporaneous written declaration of trust by the trustee the certificates of ownership are subjected to call purchase by the trustee, at the request of the lessee, for $1,030.00 a share, plus accrued rental at the rate of $55.00 a share per annum, payable out of the depreciation fund; the shares so purchased to be transferred to and held in the name of the trustee as a part of said fund. The trustee is also authorized to sell the property upon the forfeiture of the lease, and to sell subject to the lease and option of the lessor to purchase, upon the written request of the owners of at least three-fourths of the outstanding certificates. Upon a sale in any event, the net proceeds shall be applied ratably to all of the certificates, and the purchaser shall receive the real property and the depreciation reserve including all certificates of ownership which have been retired as a part of the fund.

In the return of its property in Ohio County for taxation, for 1930, the National Department Stores listed nine parcels of real estate, including the six involved in the trust assessed at $467,000; tangible personal property of the value of $284,622, and intangible property, including money, bonds, credits and investments of the value of $431,617.31. It also claimed a deduction against the last item, as debts owing, the face value of the outstanding title certificates of $475,000. The assessor, board of review and equalization, and the circuit court denied the proposed deduction from the intangibles on the ground that the certificates of ownership did not constitute an indebtedness against the complainant. It contends otherwise upon the theory that its conveyance to the trustee, in the light of the written arrangement with the bankers, the title certificates, and the declaration of trust should be treated as a mortgage and not as a sale of the property. Complainant does not set up any contract outside the several writings. So, we are not dealing with the usual case in which it is sought to be proved by parol that a conveyance of real estate, absolute on its face, was intended as a mortgage to secure a loan. Although the rental under the lease is the equivalent of $5\frac{1}{2}\%$ on $480,000, the National Department Stores received from the sale of the certificates only $463,200.

Moreover, the price fixed in the option of purchase would not be the exact amount of money received by the National Department Stores from the sale of certificates and 5½% interest. Furthermore, upon a sale of the property by the trustee the holders of the certificates are entitled to the full benefit of the net purchase price. The certificates in no way obligate the National Department Stores, and there is nothing in any of the other writings which would require it to redeem them.

Complainant relies upon numerous cases supporting the following propositions: (1) That a deed of conveyance of land, absolute and unconditional on its face, but intended and understood by the parties to be merely a security for the payment of a debt or the performance of some other condition, will be regarded and treated in equity as a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more; and (2) that where land is conveyed by warranty deed, and as a part of the same transaction, the grantee leases the premises to the grantor, with the privilege of redeeming or purchasing the same during the term for an amount equal to a sum *loaned* by the grantee to the grantor, the transaction is regarded as a mortgage, especially when it appears that the rent was to be applied in the reduction of the debt or to keep down interest. The facts do not warrant the application of either rule. As already observed, it is not contended that there was any extraneous agreement or understanding that the several writings did not constitute the sole and only contract between the parties in interest; and from these writings it cannot be said that there was any loan of money to the National Department Stores or any obligation on its part to redeem the certificates of title. The lease expressly required the taxes to be paid in the name of the trustee, which necessarily contemplated the assessment of the property in its name. Assuming that a mortgage may result from a transaction in which there is no personal liability to the mortgagor, this would place complainant in no better position than if it were treated as evidencing an out-

right conveyance, for the reason that only debts or personal obligations may be deducted from the assessment of intangibles.

After thorough consideration of the record, we are of opinion that the ruling of the circuit court was clearly warranted, and it is, therefore, affirmed.

*Affirmed.*